In the Matter of the Accounting of EDGAR F. LUCKENBACH, as Trustee under the Will of LEWIS LUCKENBACH, Deceased.

Surrogate's Court, Kings County, September 12, 1949.

■■■■■■■■■■

*Burlingame, Veeder, Clark & Hupper* for petitioner.

*Shearman & Sterling & Wright* for respondents.

CHARLES C. LOCKWOOD, Official Referee. This proceeding was noticed for June 7, 1949, and adjourned, at the request of counsel, until June 10th. Hearings then started and continued up to and including July 1st, when an adjournment was taken to September 12, 1949.

On May 27, 1949, respondents served a notice to admit facts within eight days. Section 322 of the Civil Practice Act provides that the notice must be served not later than ten days before the trial and that the period designated by the notice must be not less than eight days after service, or within such further time as the court may allow on motion.

Petitioner did not reply to the notice within the eight days, but late in June, during the trial, moved to extend his time to reply and for leave to serve a statement. The court then held that it would grant the motion, but after the request of respondent's counsel, agreed to take memoranda on the law. The briefs were received and considered by the court during the recess.

Petitioner states he did not reply to the notice within the eight days' time prescribed for the reason, among others, that he did not believe section 322 was applicable to this Surrogate's Court proceeding.

Section 316 of the Surrogate's Court Act provides: " Except where a contrary intent is expressed in, or plainly implied from the context of this act, a provision of law or of rules, applicable to practice or procedure in the supreme court, applies to surrogates' courts and to the proceedings therein, so far as they can be applied to the substance and subject matter of a proceeding without regard to its form."

Thus it seems that the section 322 of the Civil Practice Act is applicable in a Surrogate's Court proceeding such as the one involved herein. (See *People ex rel. Lewis* v. *Fowler*, 229 N. Y. 841, and *Matter of Unger*, 172 Misc. 952, affd. 259 App. Div. 823.)

Petitioner also claims that the notice or demand here served, covers 111 items, many of them phrased in language which goes beyond the alleged facts and many of them interwoven with characterizations or conclusions not a proper part of a demand, under section 322.

Petitioner further claims that most of the so-called facts are obscure bookkeeping detail, relating to transactions which occurred long before the creation of the trusts here involved, and are therefore probably irrelevant.

Further, that the books and records were made available and were examined by respondents' accountants for a period of one year beginning in the summer of 1946 and that during the two subsequent years, petitioner was examined and recourse was had to the existing books and records by respondents' accountants. That some of the books, to which recourse would have to be made to ascertain the facts asked for the period prior to 1904, do not exist. That the old records in petitioner's possession, going back more than half a century, were made available to respondents' accountants for many months, as hereinbefore set forth.

In this long-pending proceeding, respondents waited until May 27, 1949, to serve their notice for a case on the June 7th calendar. Between May 27th and June 7th there were two Saturdays, two Sundays and the Decoration Day holiday. Asking the executor in such a period of ten days, or in any period of ten days before the trial of this important proceeding, to spend his time investigating 111 obscure facts buried in records running back more than fifty years and many disputed conclusions about their significance, was, under the circumstances, not a reasonable or proper use of section 322.

The petitioner asserts that when respondents served such a notice on the eve of the trial, they could not have known until, at the most, two days before the start of the trial, whether the executor would admit or deny the 111 demands made on him, and that therefore, it is evident they did not rely on the executor's reply to prove their case, or his failure to reply and had undoubtedly completed the preparation of their evidence prior to the trial.

Section 98 of the Civil Practice Act provides: '' Except as otherwise expressly provided by statute, the court or a judge shall have power after the commencement of an action or special proceeding to enlarge the time appointed by statutes or rules, or fixed by any order enlarging time, for doing any act or

taking any proceeding, upon such terms as the justice of the case may require, and any such enlargement may be ordered upon good cause shown although the application for the same is not made until after the expiration of the time appointed or allowed.''

The court is of the opinion that its discretion under section 322 is absolute and that the only question is as to whether, by service of the reply statement in June during the trial, the respondents have been prejudiced. The court believes they have not been prejudiced in any way and in view of all the circumstances disclosed and in the interests of justice, the motion of the petitioner to open his default and extend his time to reply, should have been and the same was properly granted.